1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEYFARTH SHAW LLP**
John R. Giovannone (SBN 239366)
jgiovannone@seyfarth.com
Paul J. Leaf (SBN 261949)
pleaf@seyfarth.com
333 South Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendants
HOUSE OF SPICES (INDIA), INC.;
GORDHANDAS SONI; and
NEIL SONI

**OUTWATER & PINCKES, LLP**
David E. Outwater (SBN 178093)
doutwater@oplawyers.com
Cathleen Mulligan Golden (SBN 192279)
900 Roosevelt
Irvine, California 92620
Telephone: (949) 748-7480
Facsimile: (949) 748-7481

**BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS, LINCENBERG &
RHOW, P.C.**
Ekwan E. Rhow (SBN 174604)
erhow@birdmarella.com
Naeun Rim (SBN 263558)
nrim@birdmarella.com
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561

Attorneys for Plaintiffs
RASIKLAL PAREKH and
PRAVIN PAREKH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASIKLAL PAREKH, an individual; PRAVIN PAREKH, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> HOUSE OF SPICES (INDIA), INC., a New York corporation; GORDHANDAS L. "G.L." SONI, an individual; NEIL SONI, an individual; and DOES 1 to 10, Inclusive, <br><br> Defendants. | Case No. 8:16-cv-00804-AG-PLAx <br><br> [Hon. Andrew J. Guilford, Courtroom 10D] <br><br> **STIPULATED PROTECTIVE ORDER** |

28373605v.1

## 1.   **PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation.  Thus, the Court enters this Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  This Order does not automatically authorize the filing under seal of material designated under this Order.  Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal.  This Order does not govern the use at trial of material designated under this Order.

## 2.   **DESIGNATING PROTECTED MATERIAL**

**2.1    Over-Designation Prohibited**.  Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" (a "designator") must only designate specific material that qualifies under the appropriate standards.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated.  Mass, indiscriminate, or routinized designations are prohibited.  Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator.  Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm.  Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest.  If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

2

28373605v.1

**2.2     Manner and Timing of Designations**.  Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL") to each page that contains protected material.  For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

**2.2.1**  A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as "CONFIDENTIAL."  After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.2.2**  Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

3

28373605v.1

**2.3    Inadvertent Failures to Designate**.  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**3.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**4.    ACCESS TO DESIGNATED MATERIAL**

**4.1    Basic Principles**.  A receiving party may use designated material only for this litigation.  Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2    Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1**  The parties, the receiving party's outside counsel of record in this action, and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2**  The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.3**  Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4**  The Court and its personnel;

**4.2.5**  Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

4

28373605v.1

**4.2.6**  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**4.2.7**  The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

## 5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**5.1**  **Subpoenas and Court Orders**.  This Order in no way excuses non-compliance with a lawful subpoena or court order.  The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2**  **Notification Requirement**.  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that party must:

**5.2.1**  Promptly notify the designator in writing.  Such notification shall include a copy of the subpoena or court order;

**5.2.2**  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

**5.2.3**  Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3**  **Wait For Resolution of Protective Order**.  If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's

permission.  The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6.   UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**7.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**8.   FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material.  A party seeking to file under seal any designated material must comply with L.R. 79-5.1.  Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue.  The fact that a document has been designated under this Order is insufficient to justify filing under seal.  Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal.  Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing,

28373605v.1

and in reducing the number and extent of, requests for under seal filing is essential.  If a *receiving party's* request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

**9.**   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material.  The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material.  This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

28373605v.1

1  such materials contain designated material.  Any such archival copies remain subject to

2  this Order.

3        **IT IS SO STIPULATED AND ORDERED.**

4

5  DATED:  August 4, 2016                 OUTWATER & PINCKES, LLP

6

7                                      By:  */s/ David E. Outwater*

8                                          David E. Outwater

9                                          Cathleen Mulligan Golden
                                      Attorneys for Plaintiffs
                                      RASIKLAL PAREKH and
                                      PRAVIN PAREKH

10 DATED:  August 4, 2016                 BIRD, MARELLA, BOXER, WOLPERT,
                                      NESSIM, DROOKS, LINCENBERG &
                                      RHOW, P.C.

13

14                                       By:  */s/ Ekwan E. Rhow*

15                                         Ekwan E. Rhow
                                      Naeun Rim
                                      Attorneys for Plaintiffs
                                      RASIKLAL PAREKH and
                                      PRAVIN PAREKH

17

18 DATED:  August 4, 2016                 SEYFARTH SHAW LLP

19

20                                       By:  */s/ John R. Giovannone*

21                                       John R. Giovannone
                                      Paul J. Leaf
                                      Attorneys for Defendants
                                      HOUSE OF SPICES (INDIA), INC.;
                                      GORDHANDAS SONI; and NEIL
                                      SONI

24

25

26 DATED:  August 4, 2016                 _____
                                  Paul L. Abrams, United States Magistrate Judge

27

28

Stipulated Protective Order
Case No. 8:16-cv-00804-AG-PLA

28373605v.1

## EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of Rasiklal Parekh, et al. v. House of Spices (India), Inc., et al., Case No. 8:16-cv-00804-AG-PLA.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date:_____

City and State where sworn and signed: _____

Printed name:_____

        [printed name]

Signature:   **_____**

        [signature]

Stipulated Protective Order
Case No. 8:16-cv-00804-AG-PLA

28373605v.1